IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JULIE ARSOV,
an individual,

      Plaintiff,

v.

                                    Case No. 13-7092-CI-011

MIDLAND CREDIT MANAGEMENT, INC.
a foreign profit corporation,

      Defendant.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JULIE ARSOV (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "Defendant"), and alleges:

## PRELIMINARY STATEMENT

This is an action for statutory damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692a, *et seq.* (hereinafter, the "FDCPA"), and for declaratory judgment and injunctive relief in equity.

## JURISDICTION, VENUE & PARTIES

1. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes Section 559.77 and 15 U.S.C. Section 1692k(d). Declaratory relief is available pursuant to Florida Statutes Sections 559.77 and 26.012.

2. Venue is proper in this District in that Defendant transacts business here and the complained-of conduct occurred here.

3. At all material times herein, the conduct of Defendant, complained of

below, occurred in Pinellas County, Florida.

4.      At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5.      Defendant is a foreign corporation existing under the laws of the State of Kansas that, itself and through its subsidiaries, regularly collects debts due to others in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.      At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C. Section 1692a(6) and Florida Statute Section 559.55(6).

7.      Defendant regularly uses interstate mail and places interstate telephone calls while engaging in a business the principal purpose of which is the collection of debts allegedly due to another.

8.      At all times herein, Defendant attempts to collect a debt, specifically a T-Mobile consumer account referenced by account number ending -4803 (hereinafter, "the Debt").

9.      At all times herein, the Debt was a consumer debt as defined by the FCCPA and FDCPA.

10.     At all times herein, the Debt was incurred primarily for personal, household or family use.

11.     At all times herein, Defendant was a "person" pursuant to Florida Statute Section559.55(3). *See Schauer v. General Motors Acceptance Corp.,* 819 So. 2d 809 (Fla. 4th DCA 2002).

12.     At all times herein, Defendant's conduct, with regard to the Debt

21.    The First Collection Letter advised Plaintiff that Defendant is a debt collector.

22.    The First Collection Letter advised that all future communication regarding the Debt should be addressed to Defendant.

23.    The First Collection Letter stated that "[c]alls to and/or from [Defendant] may be monitored or recorded." Defendant's inclusion of this call monitoring disclosure is explicit acknowledgement that Defendant expects the First Collection Letter to induce Plaintiff to call Defendant with regard to the Debt and to potentially make payment.

24.    The First Collection Letter, however, did not provide a statement that unless the Plaintiff, within thirty days after receipt of the letter, disputed the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the Defendant.

25.    The First Collection Letter also did not provide a statement that if the Plaintiff notified the Defendant in writing within the thirty-day period that the Debt, or any portion thereof, is disputed, the Defendant will obtain verification of the Debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to the Plaintiff by the Defendant.

26.    The First Collection Letter did not provide a statement that, upon the Plaintiff's written request within the thirty-day period, the Defendant will provide the Plaintiff with the name and address of the original creditor, if different from the current creditor.

27.    Defendant intentionally designed the First Collection Letter to depart from industry practice in a manner that gives Defendant an unfair competitive advantage.

28.    Namely, Defendant designed the First Collection Letter to give the

appearance of simply providing notice of assignment; however, the First Collection Letter is intentionally designed to induce payment.

29.    Other debt collectors, who collect consumer debts in Florida, routinely provide notice of assignment of the debt and notice of FDCPA required consumer protection disclosures in the initial communication sent in connection with the collection of the debt, or in a communication within five days thereafter.

30.    Other debt collectors, who collect consumer debts in Florida, also do not claim that their "assignment" letters are not attempts to collect a debt. To the contrary, they state affirmatively that they are attempts to collect debts, as required by the law. Please see attached true and correct copies of said examples labeled as Exhibit "B1-B11."

31.    Defendant sent no subsequent written communication to Plaintiff within five (5) days of the First Collection Letter (i.e. no subsequent written communication was sent to Plaintiff by Defendant on or before April 17, 2012).

32.    As a result of receiving the First Collection Letter, Plaintiff notified Defendant that she intended to file bankruptcy.

33.    Plaintiff further advised Defendant of Undersigned Counsel's representation of Plaintiff with regard to her debts generally—including the Debt—and provided Defendant with Undersigned Counsel's contact information. Plaintiff then instructed Defendant to direct all further communications regarding the Debt to Undersigned Counsel.

34.    On or about May 20, 2012, Defendant sent Plaintiff a second collection letter (hereinafter, "Second Collection Letter") in an attempt to collect the Debt. Please see attached a true and correct copy of the Second Collection Letter labeled as Exhibit

"C."

35.     The Second Collection Letter stated, "Welcome! We have a great offer for our new customers. Midland Funding, LLC recently purchased your T-MOBILE Account and [Defendant], a debt collection company, is the servicer of this obligation."

36.     The Second Collection Letter contains an explicit request for payment and includes the following language: "**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**" (emphasis in original).

37.     The front side of the Second Collection Letter further states, "These settlement opportunities do not alter or amend your validation rights as described on the back of this letter," and language on the reverse side of the Second Collection Letter notified Plaintiff of her validation rights and verification as well as notified Plaintiff that the Second Collection Letter was an attempt to collect the Debt and any information would be used for that purpose.

38.     Defendant knowingly and intentionally placed Plaintiff's validation and verification notices on the back of the Second Collection Letter with the intent of overshadowing these rights with other, less protective information.

39.     On or about July 21, 2012, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant sent Plaintiff a third collection letter in an attempt to collect the Debt (hereinafter, "Third Collection Letter"). Please see attached a true and correct copy of the Third Collection Letter labeled as Exhibit "D."

40.     In its Third Collection Letter, Defendant states:

    The last time we heard from you, you indicated that you
    were planning to file bankruptcy. We have been unable to

verify that you did file bankruptcy or that there is a current case in your name. If you have in fact filed bankruptcy and the bankruptcy case is open or discharged, it is important that you or your attorney notify us **immediately** at 800-825-8131 **Ext.** 32986 so that we can suspend all debt collection activities. Please ensure that you have the following information available when you call:

**Attorney Name:**         **Address:**
**Phone Number:**         **Bankruptcy Case Number:**

Please be advised that we will continue debt collection activities unless we receive a verified bankruptcy case number. If you have not filed bankruptcy, the balance due on the above-referenced account is **$1,077.25** and should be forwarded to [Defendant] using the envelope provided

(emphases in original)

41.      Plaintiff has retained Leavengood, Nash, Dauval & Boyle, P.A. for the purpose of pursuing this matter against Defendant and is obligated to pay her attorneys a reasonable fee for their services.

42.      Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent violation, actual damages, and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter against Defendant.

43.      United States Code Title 15 Section 1692k(a)(2)(A) provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter against Defendant.

44.      As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

45. Defendant is subject to, and has violated provisions of, Florida Statutes Section 559.72(9) by asserting the existence of a legal right with the knowledge that the right does not exist.

46. Specifically, Defendant intentionally and willfully misrepresented Plaintiff's rights and abilities regarding her ability to stop Defendant's further Debt collection attempts.

47. Defendant sent Plaintiff the Third Collection Letter—despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt—and falsely asserted its legal right to continue to attempt to collect the Debt, directly from Plaintiff—unless Plaintiff could immediately provide a verified bankruptcy case number, and Plaintiff's Attorney's name, phone number, and address.

48. Defendant does not have the legal right to threaten Plaintiff with continued Debt collection attempts unless and until Plaintiff's bankruptcy case is verified.

49. Further, Defendant does not have the legal right to threaten Plaintiff with continued Debt collection attempts unless and until Plaintiff provides Defendant with *all four* pieces of information required by the Third Collection Letter to stop Defendant's Debt collection.

50. To the contrary, Plaintiff may provide Defendant instruction or information other than a verified bankruptcy case number, or the exhaustive list of information requested, to cause Defendant's Debt collection to cease.

51. For example, Defendant must cease all direct communication with

Plaintiff once Defendant receives actual knowledge that Plaintiff is represented by counsel with regard to the Debt, and has counsel's contact information pursuant to Florida Statutes Section 559.72(18) and 15 U.S.C. Section 1692c(a)(2).

52.     Additionally, if Plaintiff were to provide Defendant written instruction to cease and desist further collection, Defendant would not be able to continue its Debt collection from Plaintiff, as Defendant suggests it may.

53.     Defendant knowingly asserted a false legal right to threaten continued Debt collection from Plaintiff unless Plaintiff provided it with the only things that collectively would stop further Debt collection: a verified bankruptcy case number; and Plaintiff's Attorney's name, address, and phone number.  Defendant, however, knew other things could and would stop further Debt collection.

54.     Defendant's assertion, therefore, was a knowingly false assertion make in an attempt to collect the Debt.

55.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTE Section 559.72(18)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

56.   Defendant is subject to, and has violated provisions of, Florida Statutes Section 559.72(18) by intentionally communicating with Plaintiff after receiving actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

57.   Specifically, after receipt of the First Collection Letter, Plaintiff notified Defendant that she intended to file bankruptcy.

58.   Plaintiff advised Defendant of Undersigned Counsel's representation of Plaintiff with regard to her debts generally—including the Debt—and provided Defendant with Undersigned Counsel's contact information.

59.   Plaintiff instructed Defendant to direct all further communications regarding the Debt to Undersigned Counsel.

60.   On or about July 21, 2012, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant sent Plaintiff the Third Collection Letter in an attempt to collect the Debt.

61.   As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute Section 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. Section 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

62.   Defendant is subject to, and has violated the provisions of, 15 U.S.C.

Section 1692c(a)(2) by directly communicating with Plaintiff despite Defendant having actual knowledge that Plaintiff was represented by Undersigned Counsel with regard to the Debt and despite possessing knowledge of Undersigned Counsel's contact information.

63.    Specifically, after receipt of the First Collection Letter, Plaintiff notified Defendant that she intended to file bankruptcy.

64.    Plaintiff advised Defendant of Undersigned Counsel's representation of Plaintiff with regard to her debts generally—including the Debt—and provided Defendant with Undersigned Counsel's contact information.

65.    Plaintiff instructed Defendant to direct all further communications regarding the Debt to Undersigned Counsel.

66.    On or about July 21, 2012, despite having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant sent Plaintiff the Third Collection Letter in an attempt to collect the Debt.

67.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. Section 1692e(5)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

68.    Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692e(5) by threatening to take an action that cannot be legally taken or that is not intended to be taken.

69.    Specifically, Defendant intentionally and willfully misrepresented Plaintiff's rights with regard to her ability to stop Defendant's direct collection attempt.

70.    Moreover, Defendant threatened to take actions that cannot legally be taken—namely the ability to continue to collect the Debt directly from Plaintiff unless and until certain artificial and false requirements regarding the cessation of Debt collection were met.

71.    Additionally, Defendant sent Plaintiff the Third Collection Letter—despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt—and falsely asserted its legal right to continue to attempt to collect the Debt, directly from Plaintiff, unless Plaintiff could immediately provide a verified bankruptcy case number.

72.    Defendant does not have the legal right to threaten Plaintiff with continued debt collection attempts until Plaintiff's bankruptcy case is verified.

73.    Rather, Defendant must cease all direct communication with Plaintiff once Defendant receives actual knowledge that Plaintiff is represented by counsel with regard to the Debt and receives counsel's contact information pursuant to Florida Statute Section 559.72(18) and 15 U.S.C. Section 1692c(a)(2).

74.    As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendant

for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. Section 1692e(11)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

75.     Defendant is subject to, and has violated the provisions of, 15 U.S.C. Section 1692e(11) which requires that a debt collector disclose to a debtor, either in its initial written communication with the consumer, or if the initial communication is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

76.     The First Collection Letter is a communication under the FDCPA as it conveys information regarding Plaintiff's Debt by referencing the original creditor, the new MCM account number, the amount of the debt, and by explaining that debt collection will take place thirty days after the date of the First Colleciton Letter.

77.     The First Collection Letter was Defendant's initial written communication with Plaintiff; Defendant had no prior oral communication with Plaintiff regarding her respective debts prior to sending the Form Letter.

78.     The First Collection Letter, which was sent to Plaintiff, does not contain a statement that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

79.     The First Collection Letter was intentionally crafted by Defendant to mislead consumers and enhance Defendant's debt collection efforts by allowing

Defendant to collect the Debt from Plaintiff without providing the "mini-Miranda" required by the FDCPA.

80.     Specifically, Defendant is subject to and has violated the provisions of 15 U.S.C. Section 1692e(11) by failing to disclose to Plaintiff in the First Collection Letter that the Defendant was attempting to collect a debt and that any information obtained would be used for that purpose.

81.     As a direct and proximate result of Defendant's actions in violation of 15 U.S.C. 1692e(11), Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SIX:
### FAIR DEBT COLLECTION PRACTICES ACT –
### VIOLATION OF 15 U.S.C. Section 1692g(a)(1)(2)(3)(4)(5)

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows:

82.     Defendant is subject to, and has violated the provisions of 15 U.S.C. Section 1692g(a) by failing to send a written notice to Plaintiff within five (5) days of Defendant's initial communication, that contained (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

83.     Specifically, Defendant failed to disclose the aforementioned disclosures in its initial communication to Plaintiff in connection with the collection of the Debt—its First Collection Letter—as required by the FDCPA.

84.     Further, Defendant did not send any additional communications to Plaintiff within five (5) days of its First Collection Letter—i.e. before April 17, 2012—to Plaintiff making the required aforementioned FDCPA disclosures.

85.     Defendant's act of knowingly and intentionally drafting the First Collection Letter with the purpose of initiating a call from the Plaintiff to Defendant upon receipt of the First Collection Letter, is a deceptive act taken to collect the Debt without giving Plaintiff notice of her rights as offered under the FDCPA.

86.     Additionally, Defendant's intentional omission of the validation and verification notices required under 15 U.S.C. § 1692g, and later inclusion in another communication in connection with the collection of the Debt—over thirty (30) days later—is a willful and purposeful overshadowing of important consumer rights.

87.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. Section 1692k.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT SEVEN:
## DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further state as follows:

88.     Unless the Defendant is immediately enjoined from continuing to send form Collection Letters to Plaintiff which falsely assert the right to continue to collect the Debt unless Plaintiff provides a "verified" bankruptcy case number, Plaintiff will suffer irreparable injury.

89.     Plaintiff has no adequate remedy at law.

90.     Plaintiff has a clear legal right to the protections of the FCCPA and FDCPA, which Defendant is attempting to circumvent by the language of its Form Collection Letter.

91.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE**, Plaintiff requests this Court enter a judgment for Declaratory and Injunctive Relief against Defendant and such other equitable relief this Court deems appropriate.

Respectfully Submitted,

**LEAVENGOOD & NASH**

*s/ Aaron M. Swift*
□ **Ian R. Leavengood, Esq., FBN 10167**
□ **Christopher C. Nash, Esq., FBN 135046**
X **Aaron M. Swift, Esq., FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
cnash@leavenlaw.com

aswift@leavenlaw.com
*Attorneys for Plaintiff*



Return Mail Only - No Correspondence
**mcm**   Dept. 12421
PO Box 603
Oaks, PA 19456

Current Owner:       Midland Funding LLC
Original Creditor:    T-MOBILE
Original Account No.: 339654803

MCM Account No.:    8548169826
Current Balance:     $1,077.25

04-12-2012

00980-2978

#BWNHLTH
#0000 0854 8169 8265#
JULIE K ARSOV
1350 WILDWOOD CT
DUNEDIN, FL 34698-4640

Dear JULIE K ARSOV,

The purpose of this letter is to advise you that Midland Funding LLC is the new owner of the above-referenced account, and Midland Credit Management, Inc. ("MCM"), a debt collection company, is now the servicer of this obligation. Midland Funding LLC received an assignment of your account with the above-listed original creditor. Accordingly, all future communication regarding the account should be addressed to MCM as servicer for Midland Funding LLC and not the previous owner. No collection efforts will occur on this account for at least 30 days from the date of this notice.

If an attorney represents you with regard to this debt, please refer this letter to your attorney. Likewise, if you are involved in an active bankruptcy case, or if this debt has been discharged in a bankruptcy case, please refer this letter to your bankruptcy attorney so that we may be notified.

Midland Credit Management, Inc.
8875 Aero Drive, Suite 200
San Diego, CA 92123

**IMPORTANT DISCLOSURE INFORMATION**

Although this communication is from a debt collector, this is not an attempt to collect a debt.

Calls to and/or from this company may be monitored or recorded.

**EXHIBIT**
**A**

FLNO

**Portfolio Recovery Associates, LLC**

We're giving debt collection a good name.

GE MONL.. BANK
Wal-Mart
Account/Reference No.: ⬛⬛⬛⬛⬛3047
*Balance: $798.91

February 28, 2012

The purpose of this letter is to advise you that Portfolio Recovery Associates purchased the account referenced above on 07/19/2011. If you have any questions concerning this account, please direct a future communications to us at the address below:

Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541

**Call our toll free number 1-800-772-1413 to discuss your account with a representative.**

Hours of Operation (EST): 7:30 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.

**We're also available by e-mail at help@portfoliorecovery.com.**

PORTFOLIO RECOVERY ASSOCIATES, LLC

Portfolio Recovery Associates purchased the account referenced above on 07/19/2011. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This letter is from a debt collector.**

**Make all checks payable to: Portfolio Recovery Associates, LLC**

**Send all payments to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541**

**Company Address: Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502**

**Disputes Correspondence Address: 140 Corporate Blvd., Norfolk, VA 23502**
Disputes Department Email Address: PRA_Disputes@portfoliorecovery.com

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. – Fri. 8 AM to 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.



EXHIBIT
B1

**PRIVACY NOTICE**
We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others, or us; (c) information



LTD Financial Services, L.P.
7322 Southwest Freeway, Suite 1600
Houston, Texas 77074
Phone: 713/773-3100
Fax: 713/414-2126

**FEBRUARY 04, 2011**

CREDITOR: CHASE BANK USA, NA
CIRCUIT CITY
ACCOUNT #: C1C ████████1783

REF NO: ████0827
BALANCE: $1,078.69

████████
████████

SAINT PETERSBURG, FL 33705-6225

DEAR ████████

Your account with the above named creditor has been assigned to
LTD Financial Services, a collection agency.  This is an attempt
to collect a debt and any information obtained will be used for
that purpose.

Unless you notify this office within 30 days after receiving this
notice that you dispute the validity of the debt or any portion
thereof, this office will assume this debt is valid.  If you notify
this office in writing within 30 days after receiving this notice
that you dispute the validity of this debt or any portion thereof,
this office will obtain verification of the debt or obtain a copy
of a judgment, if any, and mail you a copy of such judgment or
verification.  If you request this office in writing within 30 days
after receiving this notice, this office will provide you with the
name and address of the original creditor, if different from the
current creditor.

You may call this office to discuss this debt at 1-866-998-2500.
Please refer to the reference number above.

---



↑ Tear along dotted line ↑

AMOUNT DUE: $1,078.69

EXHIBIT
**32**

REF NO: 014370827
NAME: ████████

ACCOUNT #: C1C ████████1783

NOTICE: SEE REVERSE
SIDE FOR IMPORTANT
INFORMATION.

Visit https://payments.ltdfin.com to pay online.

OUR TOLL FREE NUMBER IS 1-866-998-2500

P.O. BOX 5932
TROY MI 48007-5932
RETURN SERVICE REQUESTED





**BAY AREA CREDIT
SERVICE LLC.**

1901 W 10th Street, Antioch CA 94509-1380
866-399-4910

↑ PLEASE DO NOT SEND PAYMENTS OR ↑
CORRESPONDENCE TO THE ABOVE ADDRESS

ST PETERSBURG FL 33713-4053

| | |
|---|---|
| Our Account #: | 10945284 |
| Creditor: | CLOVER EMERGENCY PHYSICIANS |
| Account Number: | 125 |
| Principal: | $ 883.00 |
| Interest: | $ 0.00 |
| TOTAL DUE: | $ 883.00 |



01 FEB 2012

## ACCOUNT NOTIFICATION

Your account has been assigned to a collection agency.

If you are covered by an insurance plan or provider that has not already paid this debt or any portion of this debt, please contact our office so we may assist you in getting this claim resolved.

Unless you take action, we will proceed with further collection activity on your bad debt.

CALL US AT 866-399-4910 or mail your payment to:

BAY AREA CREDIT SERVICE LLC.
P.O. BOX 467800
ATLANTA GA 31146

Please call or contact us as provided. Our phone number is 866-399-4910.

Sincerely,
BAY AREA CREDIT SERVICE LLC.

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This correspondence is being sent to you by a debt collection company.

### See Reverse Side for Important Information

EMC1P

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In order to credit your account properly, you must return the bottom portion with your payment.

Call Bay Area Credit Service LLC. at 866-399-4910 to make payment by check, credit or debit card or mail your payment to
BAY AREA CREDIT SERVICE LLC., P.O. BOX 467800, ATLANTA GA 31146
If you wish to make a payment on the web go to: www.bayareacredit.com/pay

| | |
|---|---|
| NAME: | |
| Our Account #: | 10945284 |
| Creditor: | **CLOVER EMERGENCY PHYSICIANS** |
| Account Number: | 1951145125 |
| Balance Due: | $ 883.00 |

**PLEASE SEND ALL PAYMENTS AND
CORRESPONDENCE TO THE ADDRESS BELOW:**

BAY AREA CREDIT SERVICE LLC.
P.O. BOX 467800
ATLANTA GA 31146

| | | |
|---|---|---|
| ☐ | ☐ | |
| Credit Card #: | | |
| Name: | | |
| Signature: | | |
| AMOUNT | | EXP |



EXHIBIT

B3

EMC1P

S-SFHOVS30  L-EMC1P A-113494585        P1V8WU00503580 I07160

021726161A0460



# B & T Financial Services

211 Perry Parkway Suite 6
Gaithersburg, Maryland 20877
(877) 686-0044

Date:   22-Sep-11

███████████

**SAINT PETERSBUR FL 33713**

| | |
|---|---|
| Creditor: | Pinnacle Credit Services, LLC |
| Card Holder: | Citibank |
| Balance: | $2,797.45 |
| BTFS File #: | 300225 |
| Card Holder Acct: | ███████1998 |

Dear ███████████

Please be advised that the above account has been assigned to our office for collections. The balance is due in full and must be remitted immediately. Please contact our office upon receipt of this notification.

Unless you notify this office within 30 days of receipt of this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is just and valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We intend to enforce your agreement to the fullest extent of the law. There are, fortunately, several options available to you. If you wish to discuss making arrangements to pay the debt, contact us at the telephone number shown above. In all correspondences, please refer to the BT Financial Services account number.

Sincerely,

BT Financial Services, LLC



EXHIBIT
B4

This communication is from a debt collector. It is an attempt to collect a debt. Any information obtained will be used for that purpose.

### INNOVATIVE DEBT RECOVERY, INC.
#### PO BOX 10675
#### PHOENIX, AZ 85064
Toll Free: 1-866-887-0000 Local: 1-602-248-9828

February 9, 2010

████████████
DUNEDIN, FL
34698

ORIGINAL CREDITOR .................... HOUSEHOLD BANK / HSBC
ACCOUNT# ████████2602
ORIGINAL ACCOUNT# .: ████7126

BALANCE ................... $562.28

Dear █████,

The above named creditor has assigned to us your account for immediate collection of the balance in full.

Please contact this office immediately so that arrangements may be made and any further action may be stopped, or send a certified check or money order in the self-addressed envelope provided.

Please make checks payable to: **INNOVATIVE DEBT RECOVERY, INC.**

Yours Truly,

DJ SPENCER
Recovery Manager Ext -217



*Unless this account or any portion thereof is disputed within 30 days from receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within this 30 day time period we will furnish at your written request, a verification of this debt, or the name and address of the original creditor.*

**This is an attempt to collect a debt and any information obtained will be used for that purpose**
**This is a communication from a debt collector**

DEPT 363     1236362712016
PO BOX 4115
CONCORD CA  94524

RETURN SERVICE REQUESTED

SAINT PETERSBURG FL 33710-6425



January 23, 2012

MID #:       2366
OWED TO:
LABORATORY PHYSICIANS PA
ACCOUNT #: 1195784 4
AMOUNT DUE: $380.00

## Collection Notification

### Contact Us To Resolve This Issue And Avoid Further Collection Procedures.

Your account has been assigned to Merchants Association Collection Division for collection.  All payments, inquiries, and/or correspondence should be directed to this office.

Consider the following options to resolve this matter:

www.account.macd-inc.com - For your convenience, MACD offers a wide-variety of options via our web site.  You can set up arrangements to pay your account, submit information and/or questions, obtain answers to your credit and debt questions and view account detail, please use access code: 1.4199348.469

1-800-748-7710 - Please call to speak to a live representative.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute all or a portion of the debt, this office will obtain verification of the debt against you and mail you a copy of such verification.  If you notify this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.

A convenience fee of $3.00 will be added to debit/credit card and electronic check transactions where allowed by law.  To avoid the convenience fee for these types of transactions, you may mail a standard check or money order directly to:

MACD
PO Box 2842
Tampa, FL 33601-2842

✂ Enclose This Stub With Your Remittance ✂

Payments received by check will be electronically deposited, unless you pay by non-consumer type check. You may opt out of this program by paying with a money order or a bankers check. In the unlikely event your check (payment) is returned unpaid, we may elect to electronically (or by paper draft) re-present your check (payment) up to two (2) more times. You also understand and agree that we may collect a return processing charge by the same method, in an amount not to exceed that as permitted by state law.

MID #: 12082366
OWED TO:
LABORATORY PHYSICIANS PA
ACCOUNT #: 1195784 4
AMOUNT DUE: $380.00

EXHIBIT
B6

MACD
PO Box 2842
Tampa, FL 33601-2842

SAINT PETERSBURG FL 33710-6425

07/14/11

**_Allied_Interstate.**

3000 Corporate Exchange Dr 5th Floor   Columbus, OH 43231
Toll Free: (800) 834-1470
Mon-Fri 8AM-9PM Sat 8AM-12PM

Account #:   ████0149
Regarding: AMERICAN EXPRESS
Client Account #:  XXXXXXXXXX01001
Amount Due:   $1643.80

Date: November 16, 2011

Dear ████████████

Your account with American Express has been assigned to our office for collection.

Balance Due:   $1643.80

Account #:   XXXXXXXXXX01001

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.  If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid.  If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

(800) 834-1470
Allied Interstate LLC

**To discuss the quality of your experience with our organization, please call 1-800-811-4214.**

Return the bottom portion of this notice with payment in full in the enclosed envelope.

**Notice: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

Undeliverable Mail Only:                           (Detach and return with payment)
P.O. Box 1954
Southgate, MI 48195-0954                           DCC54

|||||||||||||||||||||||||||||||||||||||||||||||    Regarding: AMERICAN EXPRESS
                                                   Client Account #: XXXXXXXXXX01001
                                                   Amount Due:   $1643.80
                                                   Date:        November 16, 2011

                                                   Amount Remitted  $_____

CGD/P5470014/DCC54         0025205/7431   0000027/0005

||||||||||||||||||||||||||||||||||||||||||||||     ████0149

████████████████████                               American Express
                                                   P.O. Box 361595
                                                   Columbus, OH 43236

EXHIBIT
B7

Dept 11576
PO Box 1259
Oaks, PA 19456

**west** | West
Asset
Management

7171 MERCY ROAD
OMAHA, NE 68106

**IMPORTANT NOTICE**

| | |
|---|---|
| Statement Date: | 08-16-2011 |
| Account Number: | 207054169 |
| Creditor Acct Number: | ***********61499 |
| Creditor(s): | BARCLAYS BANK DELAWARE |
| Account Balance: | $3,016.05 |

SAINT PETERSBURG, FL 33713-8835

Dear BONNIE TILBE:

BARCLAYS BANK DELAWARE has assigned the JUNIPER credit card account number ending in 1499 to WEST ASSET MANAGEMENT, INC. to assist you in resolving the outstanding balance of $3,016.05.

Please contact us at 800-277-5524 to discuss your individual situation and resolution options. Our office hours are MONDAY-TUESDAY 7:00AM - 8:00PM, WEDNESDAY-FRIDAY 7:00AM - 5:00PM, SATURDAY 8:00AM - 11:00AM CST/CDT.

It's easy to resolve this account:

1. Log on the Internet at www.Easydebtpay.com or call toll free to pay over the phone at 866-269-2879. Use a credit card, provide your bank account information or use a Visa/MasterCard backed debit card to pay your account; or
2. Enclose check or money order for payment in the provided envelope and mail your payment to the address below; or
3. Call us at 800-277-5524 to further discuss this bill or provide payment information over the phone. Our office hours are MONDAY-TUESDAY 7:00AM - 8:00PM, WEDNESDAY-FRIDAY 7:00AM - 5:00PM, SATURDAY 8:00AM - 11:00AM CST/CDT.

To ensure proper handling, please write the account number on your check or money order and include the attached remittance document with your payment.

Sincerely,

**WEST ASSET MANAGEMENT, INC.**          *Notice - See Reverse For Important Information

---

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT TO ENSURE PROPER CREDIT TO YOUR ACCOUNT          255 - 11680 - CDN1

| | |
|---|---|
| Account Number: | 207054169 |
| Creditor: | BARCLAYS BANK DELAWARE |
| Client Number: | ***********61499 |
| Total Due: | $3,016.05 |

SAINT PETERSBURG, FL 33713-8835

**EXHIBIT B8**

Amount Enclosed $_____

Make Payment To:

For secure on-line payment options visit
**www.Easydebtpay.com.**

WEST ASSET MANAGEMENT, INC.
P.O. BOX 956842
ST. LOUIS, MO 63195



 *Northland Group Inc.*

P.O. Box 390846
Minneapolis, MN 55439
Mail Code CPC01

866-699-2647 ext 3572
NG@northlandgroup.com
Hours of Operation: M-Th 7-8, F 7-7, Sat 8-2 CT
www.payments2northland.com

January 10, 2012

**ACCOUNT INFORMATION**
Client: Capital One Bank (USA), N.A.

Original Account #: ***********5605

72504328-501     698524364

**NORTHLAND ACCOUNT NUMBER**
●●●●4328

Saint Petersburg FL 33713-8635

**CURRENT BALANCE DUE**
$6,115.93

**SETTLEMENT OFFER**
$3,669.54

---

### Your past due account balance: $6,115.93
### Your settlement offer: $3,669.54

---

Dear ▇▇▇▇▇

The above referenced Capital One Bank (USA), N.A. account has been assigned to Northland Group, Inc. for collection. As of the date of this letter, you owe $6,115.93. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 866-699-2647 ext 3572.

Capital One Bank (USA), N.A. is willing to reduce your balance by offering you a settlement. We are not obligated to renew this offer. Upon receipt and clearance of $3,669.54, a letter will be sent confirming the above referenced account has been resolved. This offer does not affect your rights set forth below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

ACH DISCLOSURE: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. **When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.**

Sincerely,

**Northland Group, Inc.**

---

  **Pay Online:** www.payments2northland.com

---

  **Pay by Phone:** Please call Northland Group, Inc. at 866-699-2647 ext 3572.
We offer check by phone, Western Union, Money Gram and credit card.

---

  **Pay by Mail:** Send payments to PO Box 390846, Minneapolis, MN 55439.

---

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency is licensed by the Minnesota Department of Commerce.

EXHIBIT
B9

**Portfolio Recovery Associates, LLC**
**We're giving debt collection a good name.**

**FIA CARD SERVICES N.A.**
Bank of America
Account/Reference No.: ████████0209
*Balance: $8,143.14

**February 28, 2012**

The purpose of this letter is to advise you that Portfolio Recovery Associates purchased the account referenced above on 07/22/2011. If you have any questions concerning this account, please direct all future communications to us at the address below:

Portfolio Recovery Associates, LLC
P.O. Box 12914
Norfolk, VA 23541

**Call our toll free number 1-800-772-1413 to discuss your account with a representative.**

Hours of Operation (EST): 7:30 AM to 11 PM Mon.-Fri., 8 AM to 5 PM Sat., 2 PM to 9 PM Sun.

**We're also available by e-mail at help@portfoliorecovery.com.**

PORTFOLIO RECOVERY ASSOCIATES, LLC

Portfolio Recovery Associates purchased the account referenced above on 07/22/2011. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

**This letter is from a debt collector.**

**Make all checks payable to:** Portfolio Recovery Associates, LLC

**Send all payments to:** Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541

**Company Address:** Portfolio Recovery Associates, LLC, 120 Corporate Blvd., Norfolk, VA 23502

**Disputes Correspondence Address:** 140 Corporate Blvd., Norfolk, VA 23502
**Disputes Department Email Address:** PRA_Disputes@portfoliorecovery.com

**QUALITY SERVICE SPECIALISTS AVAILABLE Mon. – Fri. 8 AM TO 5 PM (EST)**
Not happy with the way you were treated? Our company strives to provide professional and courteous service to all our customers. Contact one of our staff to discuss issues related to our quality of service to you by phone at (866) 925-7109 or by e-mail at qualityservice@portfoliorecovery.com.



**PRIVACY NOTICE**
We collect certain personal information about you from the following sources: (a) information we receive from you; (b) information about your transactions with our affiliates, others or us; (c) information

2012-04-25  11:57      REGIONS-S PASADENA              1 >>                    P 1/1

HTTENt ASHLEY

PO Box 901
Fort Mill, SC 29716-0901

14282501

**FIRST FINANCIAL ASSET MGMT, INC.**
*Global Receivable Portfolio Solutions*
877.290.2719

*Please be advised that this communication is from a debt collection company*

| | |
|---|---|
| Original Creditor: | FIRST FINANCIAL INVESTMENT FUND VI, LLC-FFHOP1 |
| Account Number: | XXXXXXXXXXXX0015 |
| FFAM Acct Number: | 14282501 |
| Account Balance: | $802.83 |

April 12, 2012

## NOTICE OF ASSIGNMENT OF DEBT

Your account with FIRST FINANCIAL INVESTMENT FUND VI, LLC-FFHOP1 has been assigned to our agency for collection by FIRST FINANCIAL INVESTMENT FUND VI, LLC-FFHOP1.

Unless you notify this office within THIRTY (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within THIRTY (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within THIRTY (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Considering the IMPORTANCE of this issue, and our desire to resolve this matter in a timely fashion, your complete cooperation is requested.

Mitch Mitchell - 877.290.2719

If you have filed Bankruptcy or are in the process of filing Bankruptcy, this letter is for informational purposes only. This is an attempt to collect a debt; any information obtained will be used for that purpose. Be advised that you could be charged up to a $25 processing fee by our company for any returned check.

*** Please detach And Return Bottom Portion With Payment ***

| Account Number | FFAM Account Number | Account Balance | Date of Notice |
|---|---|---|---|
| XXXXXXXXXXXX0015 | 14282501 | $802.83 | 04/12/2012 |

Please provide the following information:
Daytime Phone # (        )
Evening Phone # (        )
Amount Enclosed $

Please note any changes of address:

XXXXXXXXXXXX2848/00500/FFIAS04

**FIRST FINANCIAL ASSET MGMT, INC.**
P.O. BOX 56245
ATLANTA, GA 30343

EXHIBIT
B11

**mcm**
Return Mail Only - No Correspondence
Dept. 12421
PO Box 603
Oaks, PA 19456

## *Settlement Opportunity*

Contact Information:   Tel (800) 265-8825

| Hours of Operation: | Sat-Th 5am - 2pm PST; |
|---|---|
| Current Owner: | Midland Funding LLC |
| Original Creditor: | T-MOBILE |
| Original Account No.: | 339654803 |

| MCM Account No.: | 8548169826 |
|---|---|
| Current Balance: | $1,077.25 |
| Payment Due Date: | 07-04-2012 |

05-20-2012

```
2345-8439
    *BWNHLTH
    #0000 0854 8169 8265#
    JULIE K ARSOV
    1350 WILDWOOD CT
    DUNEDIN, FL 34698-4640
```

Dear JULIE K ARSOV,

Welcome! We have a great offer for our new customers.

Midland Funding LLC recently purchased your T-MOBILE account and Midland Credit Management, Inc. ("MCM"), a debt collection company, is the servicer of this obligation. As the new servicer of this account, we would like to find a positive resolution to your account.

Midland Credit Management, Inc. (MCM) is currently able to offer you a discount of *10% off* your Current Balance *if we receive payment by 07-04-2012.*

What's In It For You? Once MCM receives your payment of $969.53, we will:
* Notify the credit bureaus that the debt is "Paid in Full". *
* Immediately stop all recovery activity on this account.

To accept this offer, simply detach the Acceptance Certificate below and enclose it with your $969.53 payment in the envelope provided. *Please mail your payment no later than 06-27-2012* in order to receive credit for the 10% off discount by the expiration date 07-04-2012.

These settlement opportunities do not alter or amend your validation rights as described on the back of this letter.

If you prefer to speak with one of our Account Managers, please contact us at (800) 265-8825.

We are not obligated to renew this offer.

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Midland Credit Management, Inc.
(800) 265-8825

--- *Please tear off and return lower portion with payment in envelope provided* ---

## *Acceptance Certificate*

| MCM Account Number: | 8548169826 |
|---|---|
| Current Balance: | $1,077.25 |
| **Amount Due:** | **$969.53** |
| Make Check Payable to: | Midland Credit Management, Inc. |
| **Payment Due Date:** | **07-04-2012** |

For ease and convenience, make payments
online and view additional offers at:
**www.midlandcreditonline.com**

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

```
12 8548169826 5 0096953 070412 2
```

9439

**EXHIBIT**

**C**

LT1A

Return Mail Only - No Correspondence
**mcm** Dept. 12421
PO Box 603
Oaks, PA 19456

Contact Information: Tel (800) 825-8131

Hours of Operation: M-Th 6am - 7pm;
Fri-Sat 6am - 5pm Pacific Time
Current Owner: Midland Funding LLC
Original Creditor: T-MOBILE

07-21-2012

Original Account No.: 339654803

2344-1020

*BWNHLTH
*0000 0654 8169 8265*
JULIE K ARSOV
1350 WILDWOOD CT
DUNEDIN, FL 34698-4640

MCM Account No.: 8548169826
Current Balance: $1,077.25

Dear JULIE K ARSOV,

The last time we heard from you, you indicated that you were planning to file bankruptcy. We have been unable to verify that you did file bankruptcy or that there is a current case in your name. If you have in fact filed bankruptcy and the bankruptcy case is open or discharged, it is important that you or your attorney notify us immediately at 800-825-8131 Ext. 32986 so that we can suspend all debt collection activities. Please ensure that you have the following information available when you call:

Attorney Name                    Address
Phone Number                     Bankruptcy case number

Please be advised that we will continue debt collection activities unless we receive a verified bankruptcy case number. If you have not filed for bankruptcy, the balance due on the above-referenced account is $1,077.25 and should be forwarded to Midland Credit Management, Inc. using the envelope provided. If you are unable to forward the full balance at this time, please call us to make payment arrangements that will fit your immediate financial situation. Upon payment in full, if your account is being reported to the credit reporting agencies, we will inform them that it has been paid in full.

CALL NOW! Please call (800) 825-8131 and any of our Account Managers will be able to assist you.

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Holding Q Bk Verif X32986,C094
Midland Credit Management, Inc.

Please see reverse side for important information
────────────── Please tear off and return lower portion with payment in envelope provided ──────────────

JULIE K ARSOV
1350 WILDWOOD CT
DUNEDIN, FL 34698-4640

MCM Account Number: 8548169826
Current Balance: $1,077.25
**Amount Due:** $1,077.25

Make Check Payable to: Midland Credit
Management, Inc.

**mcm**
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8548169826 5 0107725 081912 7



SP02

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

JULIE ARSOV,
an individual,

                                                                  Case No.: 13-4092-CI-011

        Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.
a foreign profit corporation,

        Defendant.

_____/

## DESIGNATION OF E-MAIL ADDRESSES

**COMES NOW** Plaintiff, JULIE ARSOV (hereinafter, "Plaintiff"), by and through the undersigned counsel, pursuant to the Florida Supreme Court's Order No. SC 10-2101 and Florida Rule of Judicial Administration 2.516, and hereby designates Plaintiff's counsel's primary and secondary electronic mail addresses for this matter.

        **For Aaron M. Swift**
        Primary: aswift@leavenlaw.com
        Secondary: service@leavenlaw.com

        **For Christopher C. Nash**
        Primary: cnash@leavenlaw.com
        Secondary: service@leavenlaw.com

        **For Ian R. Leavengood**
        Primary: sweiss@leavenlaw.com
        Secondary: service@leavenlaw.com

                                            Respectfully submitted,

                                            **LEAVENGOOD & NASH**

                                            */s/ Aaron M. Swift*_____
                                            ☐ **Ian R. Leavengood, Esq., FBN 010167**
                                            ☐ **Christopher C. Nash, Esq., FBN 0135046**

**X Aaron M. Swift, Esq., FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax (727) 327-3305
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Designation of E-mail Addresses* has

been sent via U.S. Mail or process server this 23rd day of April 2013 to:

Midland Credit Management, Inc.
c/o Corporation Service Co., Registered Agent
1201 Hays St.
Tallahassee, FL 32301

/s/ *Aaron M. Swift*
Attorney

**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PINELLAS COUNTY, FLORIDA**
**CIVIL DIVISION**

JULIE ARSOV,
an individual,

        Plaintiff,

Case No.:   13-4092 - CI-011

v.

MIDLAND CREDIT MANAGEMENT, INC.
a foreign profit corporation,

        Defendant.

_____/

II.     TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in <u>both</u> the <u>main</u> category and subcategory boxes.

[] Condominium
[X] Contracts and indebtedness (FCCPA)
[] Eminent domain
[] Auto Negligence
[] Negligence—other
    [] Business governance
    [] Business Torts
    [] Environmental/Toxic Tort
    [] Third Party indemnification
    [] Construction defect
    [] Mass Tort
    [] Negligent security
    [] Nursing home negligence
    [] .Premises liability—commercial
    [] Premises liability—residential
[] Products liability
[] Real property/Mortgage foreclosure
    [] Commercial foreclosure
    [] Residential foreclosure
    [] Other real property actions

[] Professional malpractice
    [] Malpractice—business
    [] Malpractice—medical
    [] Malpractice—other professional
[X] Other – Wrongful Act
    [] Antitrust/Trade regulation
    [] Business transactions
    [] Constitutional challenge—statute or ordinance
    [] Constitutional challenge—proposed amendment
    [] Corporate trusts
    [] Discrimination
    [] Insurance claims
    [] Intellectual property
    [] Libel/ Slander
    [] Shareholder derivative action
    [] Securities litigation
    [] Trade secrets
    [X] Wrongful debt collection

III.    REMEDIES SOUGHT (check all that apply)
    [X] monetary;
    [X] non-monetary declaratory or injunctive relief;
    [] punitive

IV.    NUMBER OF CAUSES OF ACTION: [ 6 ]
    <u>Unfair Debt Collection; FCCPA Sections 559.72(9) and (18); FDCPA Sections 1692c(a)(2), 1692e(5), 1692e(11), and 1692g(a)(1)-(5).</u>

V.    IS THIS CASE A CLASS ACTION LAWSUIT?

[]   yes
[X]  no

VI.   HAS A NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
     [X]  no
     []   yes  If "yes," list all related cases by name, case number, and court.

_____

_____

_____

VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?
      [X]  yes
      []   no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

DATE: April 16, 2013

Respectfully Submitted,

**LEAVENGOOD & NASH**

*/s/ Aaron M. Swift*
□ **Ian R. Leavengood, Esq., FBN 10167**
□ **Christopher C. Nash, Esq., FBN 135046**
**X Aaron M. Swift, Esq. FBN 93088**
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
cnash@leavenlaw.com
aswift@leavenlaw.com
*Attorneys for Plaintiff*